# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**EDDIE JAMES SHORTY**                                                                 **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 5:12cv114-DCB-RHW**

**EMMITT L. SPARKMAN,** *et al.*                                               **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is [4] Plaintiff's August 28, 2012 motion for preliminary injunction and for temporary restraining order in this *pro se* prisoner's civil rights action filed August 14, 2012 pursuant to 42 U.S.C. § 1983. Plaintiff is serving a state court sentence of thirty years for a conviction of armed robbery, and is presently incarcerated in the Wilkinson County Correctional Facility (WCCF). According to Shorty's complaint, Emmitt L. Sparkman is the Deputy Commissioner of the Mississippi Department of Corrections (MDOC); Larry Lee is the MDOC contract monitor at WCCF, a privately operated prison located in Woodville, MS; and Ray Byrd (*sic*) is the Warden at WCCF. Plaintiff alleges in his complaint that he is a C-custody inmate "receiving medications for manic depression and chronic vomiting/nausea," and he is in protective custody for his personal safety at WCCF. He makes general, conclusory claims of Eighth Amendment violations and deliberate indifference to his physical safety premised upon WCCF's housing protective custody offenders two to a cell, rather than in individual cells, and asks the Court to order that he be given a private cell or transferred to a different facility, and to award him $20,000 punitive and compensatory damages. [1]

Shorty states he filed his motion for temporary restraining order and preliminary injunction "to ensure that he receive adequate access to the prison law library." [4] He complains that he can purchase postage stamps only every two weeks, and makes the conclusory statement

that he is retaliated against by prison authorities Sparkman, Lee and Byrd in conspiracy with law librarian Rosemary Gatlin because he filed this lawsuit. He asks the Court for a TRO requiring Defendants to arrange to allow him access to the prison law library. [4]

The only facts set out in [5] his memorandum in support of his motion consist of Shorty's statement that he "is denied access to court by Defendants to process or serve and prosecute with copies of summons and complaint on the defendants in this case: in the month of August 2012." While Shorty is proceeding *pro se* in this case, he is not proceeding *in forma pauperis* as he has accumulated three strikes in previous litigation he has initiated. On August 14, 2012, the Clerk sent Shorty [2] a memorandum advising him that it is his responsibility to serve process on the Defendants pursuant to FED.R.CIV.P. 4, and advising him how to accomplish same. The docket reflects that summons issued for Defendants on September 12, 2012, and no return of process has yet been filed.

## Discussion

To prevail on a request for temporary restraining order or preliminary injunction, a party must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) that the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

To prevail on a retaliation claim, Petitioner must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that

right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Petitioner "must allege more than his personal belief that he is the victim of retaliation." *Jones*, 188 F.3d at 325. Mere conclusory allegations of retaliation will not suffice; Petitioner "must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id*. Petitioner must "allege the violation of a specific constitutional right and be prepared to establish that *but for the retaliatory motive* the complained of incident ... would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (emphasis added).

## RECOMMENDATION

The undersigned is of the opinion that Plaintiff's conclusory allegations are insufficient to carry his burden as to either the request for temporary restraining order/preliminary injunction or the underlying claim of retaliation, and therefore recommends that the motion for temporary restraining order/preliminary injunction be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 18th day of September, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE