IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


EDDIE JAMES SHORTY                                        PLAINTIFF

VS.                        CIVIL ACTION NO. 5:12-cv-114(DCB)(RHW)

EMMITT L. SPARKMAN, et al.                               DEFENDANTS


<u>ORDER</u>

This cause is before the Court on the plaintiff Eddie James
Shorty ("Shorty")'s motion for preliminary injunction and for
temporary restraining order **(docket entry 4)**, and a Report and
Recommendation of Magistrate Judge Robert H. Walker **(docket entry
10)**.  Also before the Court are the plaintiff's motion for entry of
default **(docket entry 15)** and motion for entry of default judgment
**(docket entry 17)**, as well as a second Report and Recommendation of
Magistrate Judge Walker **(docket entry 20)**.  Objections to the
Reports and Recommendations have been filed by the plaintiff.
Having carefully considered the magistrate judge's findings and
conclusions, as well as the plaintiff's objections, and being fully
advised in the premises, the Court finds as follows:

This is a <u>pro se</u> prisoner's civil rights action filed pursuant
to 42 U.S.C. § 1983.  The plaintiff is serving a state court
sentence of thirty years for a conviction of armed robbery, and is
presently incarcerated in the Wilkinson County Correctional
Facility ("WCCF").  According to his complaint, Shorty is suing the
Deputy Commissioner of the Mississippi Department of Corrections

(Emmitt L. Sparkman), an M.D.O.C. contract monitor (Larry Lee) and the warden at WCCF (Ray Byrd).   The plaintiff alleges in his complaint that he is a C-custody inmate "receiving medications for manic depression and chronic vomiting/nausea," and that he is in protective custody for his personal safety at WCCF.   He makes general, conclusory claims of Eighth Amendment violations and deliberate indifference to his physical safety premised upon WCCF's housing protective custody offenders two to a cell, rather than in individual cells, and asks the Court to order that he be given a private cell or transferred to a different facility, and to award him $20,000 in punitive and compensatory damages.

Shorty states that he filed his motion for temporary restraining order and preliminary injunction "to ensure that he receive[s] adequate access to the prison law library."   He complains that he can purchase postage stamps only every two weeks, and makes the conclusory statement that he is being retaliated against by prison authorities Sparkman, Lee and Byrd in conspiracy with law librarian Rosemary Gatlin because he filed this lawsuit. He asks the Court for a TRO requiring the defendants to arrange to allow him access to the prison law library.   The only facts set out in his memorandum in support of his motion consist of Shorty's statement that he "is denied access to court by Defendants to process or serve and prosecute with copies of summons and complaint on the defendants in this case: in the month of August 2012."

While Shorty is proceeding pro se in this case, he is not proceeding in forma pauperis as he has accumulated three strikes in previous litigation he has initiated. On August 14, 2012, the Clerk of Court sent Shorty a memorandum advising him that it is his responsibility to serve process on the defendants pursuant to Fed.R.Civ.P. 4, and advising him how to accomplish this. The docket reflects that summons issued for the defendants on September 12, 2012. On October 4, 2012, the Clerk of Court received and docketed Proofs of Service in which Shorty states that he personally served the three defendants in the WCCF prison law library on September 25, 2012.

The plaintiff is not authorized to serve a summons and complaint. Rule 4(c) of the Federal Rules of Civil Procedure provides:

> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

> (2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.

Since Shorty is a party to this lawsuit, he is not authorized to serve process. Because the docket reflects no proper service of process on any of the defendants, Magistrate Judge Walker recommends that the motions for entry of default and entry of default judgment should be denied. Having considered the recommendation, and the plaintiff's objections thereto, the Court

agrees with the Report and Recommendation and shall deny the motions.

To prevail on a request for temporary restraining order or preliminary injunction, the plaintiff must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) that the injunction will not have an adverse effect on the public interest. <u>Women's Med. Ctr. of Northwest Houston v. Bell</u>, 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." <u>Lewis v. S.S. Baune</u>, 534 F.2d 1115, 1121 (5th Cir. 1976).

To prevail on a retaliation claim, the plaintiff must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." <u>Jones v. Greninger</u>, 188 F.3d 322, 324-25 (5th Cir. 1999). The plaintiff "must allege more than his personal belief that he is the victim of retaliation." <u>Id</u>. at 325. Mere conclusory allegations of retaliation will not suffice; the plaintiff "must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be

inferred." <u>Id</u>. The plaintiff must "allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred." <u>Woods v. Smith</u>, 60 F.3d 1161, 1166 (5th Cir. 1995).

In his Report and Recommendation, Magistrate Judge Walker finds that the plaintiff's conclusory allegations are insufficient to carry his burden as to either the request for temporary restraining order/preliminary injunction or the underlying claim of retaliation, and therefore recommends that the motion for temporary restraining order/preliminary injunction be denied. Having considered the recommendation and the plaintiff's objections thereto, the Court agrees with the Report and Recommendation and shall deny the motion. Accordingly,

IT IS HEREBY ORDERED that the Reports and Recommendations **(docket entries 10 and 20)** are ADOPTED by the Court;

FURTHER ORDERED that the plaintiff's motion for preliminary injunction and for temporary restraining order **(docket entry 4),** motion for entry of default **(docket entry 15)**, and motion for entry of default judgment **(docket entry 17)** are DENIED.

SO ORDERED, this the 28th day of January, 2013.

<u>/s/ David Bramlette</u>
UNITED STATES DISTRICT JUDGE

5