IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DISTRICT

| | |
|---|---|
| **EDDIE JAMES SHORTY** | **PLAINTIFF** |
| **V.** | **CASE NO. 5:12-CV-114-DCB-MTP** |
| **EMMITT L SPARKMAN, LARRY LEE, AND RAYMOND BYRD** | **DEFENDANTS** |

## REPORT AND RECOMMENDATIONS

This matter is before the Court on Defendant Raymond Byrd's Motion to Dismiss for insufficient service of process [40] and well as Plaintiff's motion for a default judgment [37] and for an order directing the Defendants to answer [43]. Having considered the motions, the entire case record, and the applicable law, the undersigned recommends that Plaintiff's motions be denied as process has not been served on the Defendants in the manner required by the applicable rules of court. The undersigned further recommends that, under the circumstances presented, the Defendants' motion to dismiss for insufficient service of process be denied and that Plaintiff be provided a final opportunity to complete service of process.

### Facts and Procedural History

Plaintiff Eddie James Shorty, proceeding *pro se*, filed his complaint pursuant to 42 U.S.C. § 1983 in this Court on August 14, 2012. Shorty is a post-conviction inmate currently incarcerated at Wilkinson County Correctional Facility ("WCCF"). According to the complaint, Raymond Byrd is the warden at WCCF; Emmitt Sparkman is the deputy commissioner for the Mississippi Department of Corrections ("MDOC"); and Larry Lee is the MDOC contract monitor at WCCF. In this lawsuit, Shorty alleges that the Defendants

1

are being deliberately indifferent to his physical safety by housing him with another inmate. Shorty seeks an award of punitive damages and an order directing the Defendants to house him in a private cell or transfer him to another facility.

On August 14, 2012, the Clerk of Court sent a letter to Mr. Shorty, acknowledging receipt of the filing fee in this case and advising him that it is his responsibility to serve process on the Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Doc. [2]. On September 12, 2012, the Clerk issued summons as to each Defendant. Doc. [9]. Shorty later filed proofs of service indicating that he had personally served the Defendants on September 25, 2012, at the WCCF prison law library. Doc. [14].

On October 30, 2012, Shorty moved for a default judgment. Doc. [15]. By Report and Recommendations dated October 31, 2012, Magistrate Judge Robert Walker recommended that the motion be denied because, as a party in the case, Shorty was not authorized by the Federal Rules of Civil Procedure to serve the Defendants. Doc. [20]. Shorty objected to the recommendations and on December 4, 2013, moved for an extension of time within which to complete service and for appointment of the U.S. Marshals to serve the Defendants. Doc. [29]. The request for time was granted, but the request for appointment of a Marshal to serve process was denied.[1] On December 18, 2012, the Clerk reissued summons as to the Defendants. Doc. [31]. Proofs of service were filed on

---

[1] Officers of the court are required to serve process on behalf of plaintiffs who are proceeding *in forma pauperis*. 28 U.S.C. § 1915(d). Although Shorty is a *pro se* plaintiff, he is not proceeding *in forma pauperis* in this lawsuit. He is apparently barred from doing so, having received "three strikes" for filing lawsuits or appeals that were deemed frivolous or which failed to state a claim.

December 27, 2012, indicating that the Plaintiff's sister served the Defendants via certified mail.[2] Doc. [33][34].

On January 28, 2013, the Court denied Shorty's motion for default judgment. Doc. [35]. On February 8, 2013, he filed a second motion for default judgment. Doc. [37]. On February 19, 2013, Byrd moved to dismiss the case for failure to complete service of process. Doc. [40]. Shorty responded in opposition to Byrd's motion and, in turn, moved for the Defendants to answer the complaint. Docs. [41][43].

**Discussion**

The Federal Rules of Civil Procedure provide several ways to serve an individual who is within a judicial district of the United States: (1) following the service of process laws for the state in which the lawsuit was filed or the state where service is made; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of each at the individual's home with someone of suitable age and discretion who lives there; or (4) delivering a copy of each to an agent authorized to receive service of process on the individual's behalf. Fed. R. Civ. P. 4(e).

As discussed above, Shorty did not have the Defendants served personally, leave copies of the complaint and summons at their homes, or deliver process to their authorized agent. Accordingly, the Court must look to Mississippi law—the state where the lawsuit

---

[2] The return receipts reflect that process documents were delivered to Sparkman on December 26, 2012, to Byrd on December 24, 2012, and to Lee on December 24, 2012. Docs. [33][34]. However, none of the Defendants actually signed the return receipts for the process documents. Persons other than the Defendants received and signed the return receipts for the process documents.

3

was filed and where service is made—to determine whether Shorty properly served the Defendants.

The Mississippi Rules of Civil Procedure do not permit service of process on in-state defendants by certified mail. *See* Miss. R. Civ. P. 4(c); *Triple C Transport, Inc. v. Dickens,* 870 So.2d 1195, 1198 (Miss. 2004) ("Service of process may not be had by certified mail upon an in-state defendant.") Instead, the state civil procedure rules only allow service to be made on individual resident defendants in person, to their authorized agent, at their home to a spouse or family member over the age of 16 who is willing to accept service, or by first-class mail, postage prepaid. Miss. R. Civ. P. 4(c)(3)(A) and (d)(1)(B). In the latter instance, the receiving party must acknowledge receipt within 20 days. Otherwise, the serving party must utilize another method of service. Miss. R. Civ. P. 4(c)(3)(B). Under the Mississippi Rules of Civil Procedure, certified mail can only be used to serve "persons outside this state." Miss. R. Civ. P. 4(c)(5).

This case has been pending for approximately one year and the Plaintiff has not yet properly served the Defendants under the Federal or Mississippi Rules of Civil Procedure. Initially, the Plaintiff attempted to serve the Defendants himself. Since a party in a lawsuit is not permitted to serve process, Shorty did not effect service on the Defendants at that time.[3] Thereafter, the Plaintiff attempted to serve the Defendants by having his sister mail a copy of the summons and complaint to the Defendants via certified mail. However,

---

[3] *See* Fed. R. Civ. P. 4(c)(2)("Any person who is at least 18 years old and not a party may serve a summons and complaint.").

certified mail is not a proper method of service for in-state defendants. Accordingly, the Plaintiff's second attempt at service was also unsuccessful.

Without proper service of process, the court readily concludes and recommends that Plaintiff's motion directing Defendants to answer [43] should be denied. *See* Fed. R. Civ. P. 12(a)(1)(A)(Defendant must serve an answer within 21 days after being served a summons and complaint.) Likewise, the court recommends that Plaintiff's request for entry of default judgment be denied. Entry of default is appropriate against a party who has failed to plead of otherwise defend. *See* Fed. R. Civ. P. 55(a). However, until properly served with process, the Defendants are under no obligation to plead or defend.

While Plaintiff has not properly served process in a timely manner, the court does not recommend dismissal at this time for his failure to do so.

Under Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The rule essentially gives the court two options: (1) dismiss the case without prejudice if there is no good cause for the plaintiff's failure to serve process or (2) extend the time for service of process.

To establish good cause under Rule 4(m) the Plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). Yet, even without a showing of good cause, "the

5

court has the discretionary power to extend the time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996.)

Here, the Plaintiff is proceeding without an attorney and is incarcerated. He first attempted personal service, but ran afoul of the rules by serving the complaint himself. Next, after being afforded more time for doing so, the Plaintiff sought to serve process via certified mail. Once again, he ran afoul of the rules.

The court is not confronted with a situation where a plaintiff has made no effort to serve process or has not exercised some degree of diligence. Accordingly, given the circumstances, the court recommends that Plaintiff be afforded an additional thirty days to complete service of process and to file appropriate proof thereof with the court. Plaintiff should be further advised that failure to properly complete service of process or to file the proof of service within the thirty days will result in a dismissal of all unserved Defendants without prejudice and without further notice.

## RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that Defendant Raymond Byrd's Motion to Dismiss be DENIED, and that Plaintiff be afforded an additional thirty days to complete service of process and to file appropriate proof thereof with the court. Plaintiff should be further advised that failure to properly complete service of process or to file the proof of service within the thirty days will result in a dismissal of all unserved defendants without prejudice and without further notice. It is further recommended that the Plaintiff's motions for default judgment and for an order directing the Defendants to answer be DENIED.

**Notice of Right to Object**

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 2nd day of August, 2013.

/s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE