#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
#### WESTERN DIVISION

**EDDIE JAMES SHORTY**                                                                                  **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO.: 5:12-cv-114-MTP**

**EMMITT L. SPARKMAN, ET AL.**                                                                **DEFENDANTS**

#### OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [75] and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [77]. Having considered the Motions, applicable law, and case record, the Court finds that Defendants' Motion [75] should be granted, Plaintiff's Motion [77] should be denied, and this action should be dismissed with prejudice.

#### FACTUAL BACKGROUND

On August 14, 2012, Plaintiff Eddie James Shorty, proceeding *pro se*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's Complaint occurred while he was a post-conviction inmate at Wilkinson County Correction Facility ("WCCF") in Woodville, Mississippi, where he is currently incarcerated. In his Complaint and as clarified in his testimony at the *Spears*[1] hearing, Plaintiff alleges that Defendants violated his constitutional rights by failing to provide adequate protection from harm.

According to Plaintiff, other inmates are harassing him for his property and are also stealing his property. Plaintiff alleges that although he has not been physically harmed, he lives in fear and does not want to be housed near or come into contact with other inmates. Plaintiff

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

claims that protective custody will not adequately protect him because he will come in contact with other inmates when he goes to the commissary, medical unit, and other prison buildings.

Plaintiff allegedly informed Defendant Emmitt Sparkman about his situation, but Sparkman did not provide him additional protection. Plaintiff also asserts a claim against Defendant Larry Lee because Lee is allegedly responsible for denying Plaintiff's requests for transfer. As relief, Plaintiff seeks to be transferred to another facility where he can be housed in a one-man cell and not be in contact with other inmates.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal

courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981).  Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id*. (quoting 42 U.S.C. § 1983).  Accordingly, Plaintiff must demonstrate a genuine issue of material fact as to the following two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.

In this case, Plaintiff asserts that Defendants failed to protect him from harm at the hands of his fellow inmates.  Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).  However, every injury suffered by one prisoner at the hands of another does not amount to a constitutional violation by prison officials. *Farmer*, 511 U.S. at 834.  To prevail on a failure to protect claim, Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

Deliberate indifference consists of the official being aware of both the "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Deliberate indifference "'is an extremely high standard to meet.'"  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).  Negligent failure to protect an inmate does not rise to the level of a constitutional violation. *Oliver v. Collins*, 914 F.2d 56, 60

(5th Cir. 1990).  The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law."  *Farmer*, 511 U.S. at 837.

Defendants' actions and/or inactions do not rise to the level of deliberate indifference.  Plaintiff has not identified any specific or obvious threat or danger.  Plaintiff's allegations amount to a generalized fear of coming into contact with other inmates.  Essentially, Plaintiff claims that by virtue of being housed in a penitentiary he suffers from a potential risk to his safety.  Plaintiff's generalized fear is insufficient to show that Defendants should have inferred a substantial risk to Plaintiff's safety, much less that Defendants actually drew such an inference as required for a finding of deliberate indifference.

Additionally, Plaintiff's allegations indicate that prison officials investigated his complaints.  In fact, Plaintiff was placed in a one-man cell in the protective custody unit for a period of time.[2]  Plaintiff may disagree with the decisions made by prison officials regarding his custody, but such does not form the basis for a civil rights action for failure to protect. *See Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995).

Moreover, requiring prison officials to transfer Plaintiff based on the allegations in this case would be an unreasonable interference with the administration and management of the prison. *See Jones v. U.S.*, 534 F.2d 53, 54 (5th Cir. 1976) (prison officials have broad discretion, free from judicial interference, in determining prisoner assignments); *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988) (courts defer to prison administrators concerning day-to-day prison operations); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (prisoners have no constitutional

---

[2] Plaintiff alleges that he has been returned to general population as of February, 2014. ([78] at 3.)

right to be incarcerated in a certain facility). Accordingly, Defendants are entitled to judgment as a matter of law.

Plaintiff's requests for a temporary restraining order and preliminary injunction will also be denied. To prevail on a request for temporary restraining order or preliminary injunction, a party must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) that the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of NW Houston v. Bell*, 248 F.3d 411, 419 (5th Cir. 2001). An injunction "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *PCI Transportation Inc. v. Fort Worth & Western Railroad Co.*, 418 F.3d 535, 545 (5th Cir. 2005). Plaintiff has not prevailed on the merits of his claims and has not shown that he is entitled to injunctive relief.

## CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion for Summary Judgment [75] should be granted and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [77] should be denied.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [77] is DENIED.

2. Defendants' Motion for Summary Judgment [75] is GRANTED and this action is dismissed with prejudice.

2. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.


SO ORDERED, this the 30th day of October, 2013.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge